# MATTER OF SHIH

In Exclusion Proceedings

A-70107635

*Decided by Board August 20, 1993*

(1) The decision of an immigration judge becomes final immediately upon the waiver of an alien's right to appeal.

(2) The Board of Immigration Appeals is without jurisdiction to adjudicate a case in which the alien has waived the right to appeal.

EXCLUDABLE: Act of 1952—Sec. 212(a)(5)(A)(i) [8 U.S.C. § 1182(a)(5)(A)(i)]—No valid labor certification

Sec. 212(a)(6)(C)(i) [8 U.S.C. § 1182(a)(6)(C)(i)]— Fraud or willful misrepresentation of a material fact

Sec. 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)]— No valid immigrant visa

ON BEHALF OF APPLICANT:
Cathy H. Tao, Esquire
261 South Figueroa Street, Suite 205
Los Angeles, California 90012

ON BEHALF OF SERVICE:
Charles E. Martinez
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The applicant has filed an appeal from a March 17, 1993, decision of the immigration judge. The appeal will be dismissed for lack of jurisdiction.

In an oral decision on March 17, 1993, the immigration judge found that the applicant was excludable on the grounds set forth above, determined that he had abandoned his applications for relief, and ordered that he be excluded and deported from the United States.

After issuing her decision, the immigration judge told the applicant that he could accept her decision, or, if he thought her decision was incorrect or unjust, he could appeal to a higher court. The immigration judge specifically told the applicant that if he accepted the decision, it would be final.

The immigration judge then asked the applicant what he wished to do. The applicant replied that it was up to the immigration judge. The immigration judge did not accept the applicant's response, telling him

that it was his decision. She again asked the applicant whether he wanted to accept the decision or appeal it. The applicant stated, "I will not appeal."

In her summary of the oral decision, the immigration judge determined that the applicant had waived appeal.

The applicant filed a Notice of Appeal (Form EOIR-26) on Monday, March 29, 1993, which is within the time specified in 8 C.F.R. § 3.38(b) (1993).[1] With respect to his waiver of the appeal, the applicant submits that his waiver was not made intelligently and that it was not made after considered judgment.

An alien in exclusion proceedings must be advised of his right to take an appeal from a decision of an immigration judge. Section 236(b) of the Immigration and Nationality Act, 8 U.S.C. § 1226(b) (1988); cf. 8 C.F.R. §§ 242.1(c), 242.16(a) (1993) (deportation proceedings).

The regulations define when a decision of the immigration judge becomes administratively final. See 8 C.F.R. § 236.6 (1993); cf. 8 C.F.R. § 242.20 (1993) (deportation proceedings); see also 8 C.F.R. §§ 242.19(b), (c) (1993).

From the time of its codification on March 2, 1987, until April 5, 1992, 8 C.F.R. § 3.37 provided:

> Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken.

See 52 Fed. Reg. 2931, 2939 (1987).

However, effective April 6, 1992, 8 C.F.R. § 3.37 was amended and redesignated as 8 C.F.R. § 3.39 (1993). See 57 Fed. Reg. 11,568, 11,573 (1992).[2] The current regulation provides:

> Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken *whichever occurs first.* (Emphasis added.)

The italicized portion of 8 C.F.R. § 3.39 (1993) was added in 1992 in order to "prevent any confusion in fixing a time certain for a decision to be final." 57 Fed. Reg. 11,568, 11,570 (1992). It is obvious that the intent of this revision is to clarify that the decision of the

---

[1] Under 8 C.F.R. § 3.38(b) (1993), aliens have 10 calendar days after service of a decision (13 days if the decision is mailed) in which to file a Notice of Appeal with the Office of the Immigration Judge having administrative control over the record of proceeding. If the final date for filing falls on a Saturday, Sunday, or legal holiday, the appeal time is extended to the next business day. Cf. 8 C.F.R. § 242.21(a) (1993) (deportation proceedings). See generally Matter of Escobar, 18 I&N Dec. 412 (BIA 1983).

[2] When 8 C.F.R. § 3.37 was amended and redesignated as 8 C.F.R. § 3.39, the cross-references to it at 8 C.F.R. §§ 236.6 and 242.20 (1993) were inadvertently not updated.



immigration judge becomes final immediately upon waiver of the right to appeal.

In these proceedings, the immigration judge advised the applicant of his right to appeal the decision. The applicant, after having been advised of his rights, waived appeal. At that point, the immigration judge's decision became final. *See* 8 C.F.R. §§ 3.39, 236.6 (1993). Because the immigration judge's decision is final, the applicant's subsequent attempt to withdraw his waiver by filing a Notice of Appeal within the time specified in 8 C.F.R. § 3.38(b) (1993) has no effect. Similarly, inasmuch as the immigration judge's decision is final, this Board lacks jurisdiction to adjudicate the case before us.

We note, however, that if the applicant wishes to raise the issue regarding whether his waiver was knowingly and intelligently made, he should file a motion with the immigration judge. *See Matter of Mladineo*, 14 I&N Dec. 591 (BIA 1974); *see also Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989) (noting that after withdrawal of an appeal, jurisdiction over any substantive motion lies with the immigration judge).

Accordingly, the appeal will be dismissed for lack of jurisdiction.

**ORDER:** The appeal is dismissed for lack of jurisdiction. The record is returned to the local Office of the Immigration Judge without further action.