**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

IGNACIO NARANJO-CASTILLO;
MARIA NARANJO-HERNANDEZ;
ANA ELIZABETH NARANJO-
CASTILLO,

Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 97-9558
(Nos. A-73-438-632
A-73-438-633
& A-73-438-634)
(Petitions for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners seek review of the decision of the Board of Immigration Appeals (BIA) dismissing as untimely their appeal from the decision of the immigration judge (IJ) finding petitioners deportable and denying their applications for suspension of deportation. Petitioners argue that their failure to take a timely appeal to the BIA was solely the result of ineffective assistance of counsel. Therefore, they contend, the BIA should have permitted them to take an untimely appeal.

Petitioners, a husband, wife, and their minor child, are all natives of Mexico. In September 1994, the INS issued show cause orders charging them with entering the United States without inspection. Petitioners, who were represented by counsel, appeared at a hearing before the IJ in March 1995. They conceded deportablilty, designated Mexico as the country of deportation, and applied for suspension of deportation. The IJ held a hearing on the suspension applications on July 11 and 13, 1995; petitioners appeared with counsel. The proceedings were largely conducted through a Spanish-speaking interpreter, although petitioner Ignacio Naranjo-Castillo answered some questions in English.

At the conclusion of the July 13 hearing, the IJ found that petitioners had met the residency and good moral character requirements for suspension of deportation, but that they had not demonstrated extreme hardship. Therefore, the IJ denied their applications for suspension of deportation, but granted them

voluntary departure. After reciting his oral ruling, the IJ asked petitioners'

counsel if he wished to reserve the right to appeal to the BIA. Counsel

responded: "Not at this time, Your Honor. No. No appeal." Admin. R. at 87.

When the IJ sought confirmation of counsel's statement, counsel again said "No

appeal." Id. Thereafter, the IJ issued a written summary of his oral decision, in

which he noted that petitioners had waived appeal.

After receiving a notice from the INS in May 1996 about their departure

from the United States, petitioners retained new counsel. Petitioners then filed

with the IJ a verified motion to reopen, alleging ineffective assistance of former

counsel. Attached to the motion to reopen was an affidavit from new counsel, as

well as a notice of appeal to the BIA from the July 1995 deportation order. The

notice of appeal stated that petitioners desired oral argument and that counsel

would file a separate written brief. The record, however, does not reflect that

counsel followed through with additional briefing. The notice of appeal also

contained a brief statement of reasons for the appeal, which addressed only the

merits of the suspension applications.

On June 6, 1996, the IJ denied petitioners' motion to reopen on the ground

that it failed to meet the requirements of 8 C.F.R. § 3.2. The IJ noted that counsel

had filed a notice of appeal with the motion to reopen, which would be processed

and forwarded to the BIA, and that, in the past, the BIA had sometimes taken late

appeals on certification. See id. § 3.1(c). Petitioners were notified that they had until June 19, 1996, to appeal the denial of reopening.

On June 17, 1996, petitioners filed with the BIA a motion to stay pending appeal. The motion stated as follows:

> A copy of the IJ's decision denying [petitioners'] motion to reopen, which acknowledges the filing of [petitioners'] appeal to this Board, is attached hereto this motion.

> [Petitioners] do not challenge the IJ's decision denying their motion to reopen. However, [petitioners] do challenge the IJ's underlying decision denying their applications for suspension of deportation.

> A stay of deportation is requested here because [petitioners'] previous counsel unilaterally waived their right of appeal before the IJ, which resulted in the late filing of [petitioners'] appeal to this Board.

Admin. R. at 6-7. The record does not reflect that the BIA ever ruled explicitly on petitioners' motion for stay.

On July 31, 1997, however, the BIA issued a decision dismissing the appeal as untimely. The BIA noted that petitioners' counsel had waived their right to appeal in open court before petitioners and the IJ in July 1995, and therefore, the IJ's decision became administratively final on that date. See 8 C.F.R. § 243.1. In accordance with its decision in In re Shih, 20 I. & N. Dec. 697 (1993), the BIA concluded that it lacked jurisdiction over petitioners' appeal of the July 1995 deportation order. In a footnote, the BIA noted that petitioners had filed the

-4-

appeal simultaneously with a motion to reopen before the IJ and that they had not appealed the IJ's denial of that motion.

Petitioners now seek review of the BIA's dismissal of their appeal on the sole ground that the BIA should have granted them an appeal out of time in light of their former counsel's ineffective assistance. Specifically, petitioners contend that their former counsel was ineffective because he (1) failed to advise them of their appeal rights; (2) failed to act in their best interests by waiving their appeal rights; (3) waived their appeal rights without their knowledge or consent; and (4) lost petitioners' right to an automatic stay before the BIA by waiving their appeal rights. The INS contends that we have no jurisdiction to review petitioners' contentions because, among other things, petitioners failed to exhaust their administrative remedies. We agree.

"The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). Courts have carved out an exception to the exhaustion requirement for claims challenging the constitutionality of immigration laws, because the BIA has no jurisdiction to review such claims. See, e.g., Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994). Although the BIA "has no jurisdiction to decide questions of the constitutionality of the

immigration laws[,] . . . the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995).

A claim of ineffective assistance of counsel in a deportation proceeding is based on the Fifth Amendment guarantee of due process. See Michelson v. INS, 897 F.2d 465, 467 (10th Cir. 1990) (deportation proceedings are civil in nature, and, therefore, do not give rise to a Sixth Amendment right to counsel). "To prevail on a claim of ineffective assistance of counsel at a deportation proceeding, an alien must show not only ineffective representation, but also prejudice to him which occurred as a result of that ineffectiveness." Figeroa v. United States INS, 886 F.2d 76, 78 (4th Cir. 1989) (citations omitted). The prejudice must be sufficient to "implicate[] the fundamental fairness of the proceeding." Michelson, 897 F.2d at 468.

The BIA permits an alien to seek reopening of administrative proceedings when his counsel's incompetence has prevented him from reasonably presenting his case. See, e.g., In re N-K, Interim Dec. 3312, 1997 WL 123906 (BIA Mar. 13, 1997); In re Lozada, 19 I. & N. Dec. 637, aff'd 857 F.2d 10 (1st Cir. 1988). Although the Second Circuit has held that failure to raise an ineffective assistance of counsel claim before the BIA does not deprive a court of jurisdiction to hear a claim, Rabiu v. INS, 41 F.3d 879, 881-82 (2d Cir. 1994) , that is not the law in

this circuit. Because the BIA provides an administrative mechanism for hearing claims of ineffective assistance of counsel such as those raised here, we have held that a failure to raise a claim of ineffective assistance to the BIA deprives the reviewing court of jurisdiction to hear the claim. Nguyen v. INS, 991 F.2d 621, 623 n.3 (10th Cir. 1993). Accord Rashtabadi, 23 F.3d at 1567 (concerning claim that attorney admitted deportability without alien's consent); Castaneda-Suarez v. INS, 993 F.2d 142, 144-45 (7th Cir. 1993) (concerning claim that attorney failed to file application for discretionary relief, failed to submit brief in support of appeal to Board, and failed to seek reopening before Board); Dokic v. INS, 899 F.2d 530, 531-32 (6th Cir. 1990).

The record reflects that petitioners did not raise their claim of ineffective assistance of counsel to the BIA. The BIA has held that an alien's waiver of his right to appeal deprives the BIA of jurisdiction to hear his appeal, and any challenge to the validity of the waiver should be raised through a motion to reopen before the IJ. See In re Shih, 20 I. & N. Dec. at 699. As discussed above, petitioners did not raise their claim of ineffective assistance in their appeal of the underlying deportation order. Instead, they appropriately advanced their claim through a motion to reopen before the IJ.[1] Petitioners then failed to exhaust their

---

[1] Although petitioners correctly used a motion to reopen as the vehicle to advance their claim, they failed to satisfy the requirements for asserting a claim of

(continued...)

-7-

administrative remedies by not appealing the IJ's denial of their motion to reopen to the BIA.  Therefore we have no jurisdiction to review their claim of ineffective assistance of counsel.  See Rivera-Zurita, 946 F.2d at 120 n.2.

Accordingly, the petitions for review are DISMISSED.[2]

Entered for the Court

James K. Logan
Circuit Judge

---

[1](...continued)
ineffective assistance of counsel that are set forth in In re Lozada, 19 I. & N. Dec. at 639.

[2]     Because we conclude that we lack jurisdiction over the petitions for review based on petitioners' failure to exhaust their administrative remedies, we need not decide whether we also lack jurisdiction on other grounds.