# In re Vienna I. OPARAH, Respondent

### File A71 798 305 - Baltimore

*Decided December 15, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion to remand submitted during the pendency of an appeal from an Immigration Judge's denial of an untimely motion to reopen and filed after the entry of a final administrative decision does not cure the untimeliness of the initial motion to reopen, nor is it excepted from the numerical restriction that permits the filing of only one motion to reopen.

FOR RESPONDENT: Mohamed Alamgir, Esquire, Washington, D.C.

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Caridad Berdut, Assistant District Counsel

Before: Board Panel: HEILMAN, FILPPU, and MOSCATO, Board Members.

FILPPU, Board Member:

In a decision dated September 26, 1996, an Immigration Judge granted the respondent voluntary departure and entered an alternate order of deportation. On March 11, 1997, the respondent filed a motion to reopen to apply for adjustment of status. The Immigration Judge denied the respondent's motion on May 1, 1997, and the respondent filed a timely appeal. In addition, the respondent has filed a motion to remand. The respondent's appeal will be dismissed and her motion to remand will be denied. In light of our decision, the request for a stay of deportation is moot.

## I. THE APPEAL

As noted above, the Immigration Judge originally rendered a decision in the respondent's case on September 26, 1996. The respondent filed a motion to reopen before the Immigration Judge on March 11, 1997, seeking to adjust her status based on her marriage to a United States citizen. The Immigration and Naturalization Service filed an opposition to the respondent's motion. The Service's opposition asserted that the respondent's motion to reopen was untimely and that no exceptions to the regulatory time limits applied. In addition, the Service stated that the "fact that respondent may now be married is irrelevant to an untimely motion to reopen."

The Immigration Judge denied the respondent's motion to reopen as untimely. On appeal, the respondent states that the Immigration Judge denied her motion to reopen "based on the fact that there was no I-130 petition approved by the Service." The respondent does not acknowledge or address the Immigration Judge's primary reason for denying her motion, specifically the untimeliness of the motion.

We agree with the Immigration Judge's conclusion. A motion to reopen was due on or before December 26, 1996. *See* 8 C.F.R. §§ 3.2(c)(2), 3.23(b)(1) (2000) (stating that a motion to reopen must be filed within 90 days of a final administrative decision or on or before September 30, 1996, whichever is later); *see also* 8 C.F.R. § 3.23(b)(4)(i) (detailing exceptions). Because the respondent's motion before the Immigration Judge was untimely, we find no reason to disturb the denial of that motion. Accordingly, the appeal will be dismissed.

## II. THE MOTION TO REMAND

The respondent filed an untimely motion to reopen before the Immigration Judge and then appealed the denial of that untimely motion. During the pendency of the appeal, the respondent filed a motion to remand predicated on the same claim made in the untimely motion to reopen before the Immigration Judge, i.e., requesting reopening to apply for adjustment of status based on her marriage.

The regulations provide that "[a] motion to reopen . . . that is filed while an appeal is pending before the Board, may be deemed a motion to remand for further proceedings before the Immigration Judge." 8 C.F.R. § 3.2(c)(4). In substance, however, it remains a motion to reopen and is governed by the procedural regulations relevant to motions to reopen. Only one motion to reopen is permitted and, generally, it must be filed with the Immigration Judge or the Board no later than 90 days after the date on which the final administrative decision was rendered, or on or before September 30, 1996, whichever is later. *See* 8 C.F.R. § 3.2(c). In the absence of a final administrative decision, however, an alien's motion would not be subject to the time and number limitations of 8 C.F.R. § 3.2(c), because the clock for filing a motion to reopen begins to run only after the entry of a final administrative decision.

An Immigration Judge's decision becomes final when the alien waives his or her right to appeal. 8 C.F.R. § 3.39 (2000); *see also Matter of Shih*, 20 I&N Dec. 697, 699 (BIA 1993). In the instant proceeding, the respondent waived appeal of the Immigration Judge's decision. Thus, there was a final administrative decision on September 26, 1996. In light of the Immigration Judge's decision to deny the respondent's motion to reopen, the respondent remains subject to the final administrative order of deportation. Consequently,

the respondent's motion to remand, filed following the entry of a final administrative decision, is subject to the 90-day deadline for motions to reopen. It is therefore untimely.

In addition, the motion to remand is number barred. It is the second motion to reopen that the respondent has filed since the issuance of the final administrative order of deportation, and the prior motion was not exempt from the numerical limits. Subsequent to the issuance of a final administrative decision, a motion to reopen must satisfy the time and number restrictions, even if it is submitted in the form of a motion to "remand" during the pendency of an appeal. *See* 8 C.F.R. § 3.2(c)(3) (providing *no* exception to the time and number restrictions for motions to reopen merely because a particular motion to reopen may also be styled as a motion to remand).

Because the Immigration Judge entered a final administrative decision and declined to disturb the decision's finality, the respondent's motion to *remand* must be subject to the time and number limits for motions to *reopen*; otherwise, we will have allowed the respondent to circumvent the regulatory limits set forth in 8 C.F.R. § 3.2. The mere ability to appeal a finding of untimeliness should not cause the motion to become, in effect, timely or to be exempt from the numerical limits. In other words, a motion to remand submitted during the pendency of an appeal from the Immigration Judge's denial of an untimely motion to reopen and filed after the entry of a final administrative decision does not cure the untimeliness of the initial motion to reopen, nor is it excepted from the numerical restriction that permits the filing of only one motion to reopen.

In sum, the respondent's motion to remand, which is in substance a motion to reopen, was not filed until July 17, 1997, more than 90 days after the Immigration Judge entered the final administrative decision on September 26, 1996. Consequently, it was filed well beyond the expiration of the 90-day time limit for motions to reopen. It is also the respondent's second motion to reopen. Therefore, the respondent's motion to remand is untimely and number barred, unless a regulatory exception applies. *See* 8 C.F.R. § 3.2(c)(3).

The respondent alludes to a potential regulatory exception. Through counsel, she alleges in the motion to remand that a Service attorney orally expressed that she had no opposition to the remand. *See* 8 C.F.R. § 3.2(c)(3)(iii) (providing an exception to the time limits on motions in the case of a motion "[a]greed upon by all parties and jointly filed"). The Service filed a memorandum affirmatively opposing the appeal and supporting the Immigration Judge's decision to deny the motion as untimely. Nothing has been filed to indicate the Service's withdrawal from that position. Furthermore, in a letter dated September 22, 2000, the Service clarified that it does not join the respondent's motion and adheres to its prior stated opposition. Therefore, we find that the respondent's motion to reopen is not within a regulatory exception to the applicable time and number limitations.

Accordingly, the respondent's motion to remand will be denied because it is untimely and number barred.

ORDER: The appeal is dismissed.

FURTHER ORDER: The motion to remand is denied.