**Alla I. KACHURYAK, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Alberto R. Gonzales,[1] United States Attorney General Respondent.**

No. 04–2098–AG.

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

Nicholas J. Mundy, New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Nicholas Vassallo, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Alla I. Kachuryak, through counsel, petitions for review of the BIA order affirming the Immigration Judge's ("IJ") dismissal of her appeal due to lack of jurisdiction. We assume the parties' familiarity with the underlying ·facts and procedural history.

This Court may review a final order of removal only if: (1) the applicant has exhausted all administrative remedies; and (2) another court has not decided the validity of the order, unless the petition raises grounds that could not have been presented during the judicial proceeding or the remedy provided by the prior proceedings was inadequate. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004). When an applicant waives his or her appeal to the BIA, the decision of the immigration judge becomes administratively final. *Matter of Shih,* 20 I. & N. Dec. 697, 698, 1993 WL 336593 (BIA 1993); 8 C.F.R. § 1003.39. Thus, the applicant's subsequent attempt to withdraw a waiver by filing a notice of appeal within the time specified by 8 C.F.R. §.1003.39, has no effect. *Shih,* 20 I. & N. Dec. at 699.

In the instant case, the record clearly demonstrates that Kachuryak both failed to exhaust her administrative remedies and waived her appeal. Kachuryak did not raise the matter of asylum before the IJ. Further, she states that it is "undisputed" that she accepted voluntary departure, and presents no argument regarding the legitimacy of the waiver ·of appeal. She now argues only that she has a valid asylum claim. Because Kachuryak's waiver of appeal rendered the IJ's decision final, the BIA correctly determined that it lacked jurisdiction to adjudicate Kachuryak's case. Likewise, this Court lacks jurisdiction to review Kachuryak's petition.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

For the foregoing reasons, the petition for review is DISMISSED.