**Marcos VAZQUEZ–CANO; Angelica Vazquez–Ibarra, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74187.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Brigit Greeson Alvarez, Law Office of Enrique Arevalo, South Pasadena, CA, for Petitioners.

Janice K. Redfern, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Marcos Vazquez–Cano and Angelica Vazquez–Ibarra, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's order denying their motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), and we deny the petition for review.

The agency did not abuse its discretion by denying petitioners' motion to reopen because the agency considered the evidence petitioners submitted with the motion to reopen and acted within its broad discretion in determining that the new evidence was insufficient to warrant reopening. *Id.* (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

The BIA acted within its discretion in denying petitioners' motion to remand. *See Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 874 (9th Cir.2003) (en banc) (citing *Matter of Oparah*, 23 I. & N. Dec. 1, 2–3 (BIA 2000) (motions to remand filed after a final administrative decision are subject to the general motion to reopen requirements)).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**