OPINION
PER CURIAM.
Eugene Ebene Bile petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will dismiss the petition for review.
On February 10, 2006, Bile, a native of Cameroon, entered the United States using a fraudulent French passport. In March 2008, his application for asylum was referred to an Immigration Judge (IJ). On July 2, 2008, the IJ denied Bile’s application for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ also found Bile’s application to be frivolous. Although he had waived his right to appeal during his hearing before the IJ, Bile appealed to the BIA. After noting that Bile had been advised of his right to appeal and had waived it, the BIA dismissed the appeal. Bile timely filed a pro se petition for review.
The government argues that Bile failed to exhaust his administrative remedies by filing an appeal to the BIA instead of a motion to reopen with the IJ. Citing Matter of Shih, 20 I. & N. Dec. 697 (BIA 1993), the BIA concluded that it lacked jurisdiction over Bile’s appeal because he had waived his right to appeal. In Matter of Patino, 23 I. & N. Dec. 74, 76 (BIA 2001)(en banc), the BIA held that an alien could challenge the validity of an appeal waiver by filing an appeal directly with the BIA and that the BIA retained jurisdiction to consider the validity of the waiver. *832 However, Bile did not argue to the BIA that his waiver was not knowing and intelligent, and the BIA did not address this issue sua sponte. See Lin v. Attorney General, 543 F.3d 114 (3d Cir.2008). In fact, Bile has not addressed his waiver of appeal in his brief before us. Nor did he file a reply brief when the government raised the issue in its brief. Even under a liberal exhaustion standard, we cannot conclude that Bile put the BIA on notice that he was challenging the validity of his waiver. See Hoxha v. Holder, 559 F.3d 157 (3d Cir.2009)(holding that an issue raised in a notice of appeal to the BIA is sufficient for purposes of exhaustion.) Because Bile failed to exhaust his administrative remedies, we lack jurisdiction over the petition for review.
While the merits of the petition are not before us, we do note that the IJ’s description of the frivolous finding was misleading. The IJ told Bile, “I’m also going to find that you filed a frivolous application in that you knowingly provided false or highly misleading testimony today. If that is upheld on appeal, that would prevent you from ever getting any legal status in the United States forever. Now, after I’m telling you all of this, do you want to appeal my decision or not?” C.A.R. at 282-83. Bile protested that he had been telling the truth and said that he was tired and didn’t know if he wanted to appeal. When he indicated that he did not understand the appeals process, the IJ provided a brief explanation and asked again if Bile wanted to appeal. Bile stated that he did not want to appeal. The IJ then found that Bile had knowingly and intelligently waived his right to appeal.
The IJ stated that Bile would be barred permanently from obtaining any status in the United States ever “if [the frivolous finding] is upheld on appeal.” This could have led Bile, who was proceeding pro se, to believe that the frivolousness finding would not bar him from ever obtaining status unless that finding was affirmed on appeal.[1] Moreover, it appears that Bile was not warned of the consequences of filing a frivolous application when he filed his asylum application, as required by 8 U.S.C. § 1158(d)(4)(A), or given an opportunity to account for any discrepancies in his testimony or any implausible aspects of his claim. See Luciana v. Attorney General, 502 F.3d 273, 281 (3d Cir.2007).
For the above reasons, we will dismiss the petition for review for lack of jurisdiction. See 8 U.S.C. § 1252(d)(1) (A court may review a final order of removal only if “the alien has exhausted all administrative remedies available to the alien as of right.”) However, under the circumstances of this case, we strongly encourage the respondent to request the IJ to reconsider sua sponte his decision in order to rectify the errors surrounding the frivolous finding, some of which may have affected Bile’s waiver of appeal.

. The government argues that Bile waived his right to appeal for his own substantial benefit. However, it is not clear to us how Bile bene-filed from waiving his right to appeal the denial of relief and the finding that he had filed a frivolous application.