# Matter of Serapio Felimon ALANIA-Martin, Respondent

File A099 799 967 - Boise, Idaho

*Decided April 30, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Aliens who are otherwise eligible to adjust status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), are not subject to the unauthorized employment restrictions of sections 245(c) and the exception for such employment in section 245(k) that apply to applications for adjustment of status under section 245(a).

FOR RESPONDENT: Nicole R. Derden, Esquire, Nampa, Idaho

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lillian L. Alves, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

FILPPU, Board Member:

In a decision dated December 3, 2007, an Immigration Judge found the respondent removable on his own admissions and denied his application for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), which was based on his approved Application for Alien Employment Certification (Form ETA-750) and Petition for Alien Worker (Form I-140). The Immigration Judge therefore ordered him removed from the United States. The respondent has appealed from that decision.[1] The

---

[1] After filing a Notice of Appeal on January 2, 2008, the respondent also submitted a motion to remand on January 14, 2008. The Department of Homeland Security has opposed the respondent's motion. Inasmuch as the respondent's motion is in the nature of an appeal brief and offers substantially the same arguments, we have treated it as a brief. Under the regulations, a motion filed during the pendency of an appeal may be deemed a motion to remand, which generally does not count against the time and numeric limitations on the filing of motions to reopen. *See* 8 C.F.R. § 1003.2(c)(4) (2010); *see also Matter of Oparah*, 23 I&N Dec. 1, 2 (BIA 2000) (stating that in the absence of a final administrative decision, a motion to remand submitted during an appeal is not subject to the regulatory time and number limits that apply to a motion to reopen, because the clock for filing a motion to reopen does not start until the entry of a final administrative decision).

appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The facts relevant to this appeal are undisputed.  The respondent, who is a native and citizen of Peru, was admitted to the United States on November 12, 1996.  He overstayed the temporary period of presence authorized by his nonimmigrant visa, which ended on December 3, 1996, and was subsequently engaged in unauthorized employment.  The respondent's I-140 with a priority date of April 30, 2001, was approved by the Department of Homeland Security ("DHS") on December 21, 2006.

A Notice to Appear initiating removal proceedings against the respondent was filed on July 16, 2007.  The respondent then filed an adjustment packet, including an Application to Register Permanent Residence or Adjust Status (Form I-485), on October 17, 2007.  Based on the approved I-140, the respondent argued before the Immigration Judge that he is eligible for adjustment of status under section 245(i) of the Act.  The Government attorney opposed the respondent's application on the basis of his unauthorized employment.  The Immigration Judge issued an oral decision concluding that the respondent is ineligible for adjustment of status because he admitted to engaging in unauthorized employment.

On appeal, the respondent argues that the Immigration Judge erred in denying his adjustment application because section 245(i) of the Act specifically states that the unauthorized employment provisions of section 245(c) do not apply to adjustment of status under that section.  In response, the Government asserts that the provisions of section 245(k) regarding unauthorized employment are nevertheless applicable to section 245(i) adjustment applications and render respondent ineligible for adjustment.

## II.  ISSUE

The issue presented in this appeal is whether an alien who is otherwise eligible to adjust status under section 245(i) of the Act is subject to the unauthorized employment restrictions of sections 245(c) and the exception for such employment in section 245(k) that apply to applications for adjustment of status under section 245(a).

## III. ANALYSIS

In analyzing this issue, we begin with the plain language of the relevant statutory texts. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987); *INS v. Phinpathya*, 464 U.S. 183, 189 (1984) (stating that in all cases involving statutory construction, the starting point must be the language employed by Congress and the legislative purpose is expressed by the ordinary meaning of the words used). In relevant part, section 245(c)(2) of the Act, which relates to "Aliens Continuing or Accepting Unauthorized Employment," provides that "subject to subsection (k)," an alien is ineligible for adjustment of status under section 245(a) who

> continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States.

In turn, section 245(k) of the Act, entitled "Inapplicability of Certain Provisions for Certain Employment Based Immigrants," provides as follows:

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status *pursuant to subsection (a)* and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if—
> > (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;
> > (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days—
> > > (A) failed to maintain, continuously, a lawful status;
> > > (B) engaged in unauthorized employment; or
> > > (C) otherwise violated the terms and conditions of the alien's admission.

(Emphasis added.)

These statutory texts reflect that sections 245(c)(2) and (k) are mutually referential provisions that operate in the context of adjustment of status under section 245(a) of the Act. Section 245(k) does nothing more than create a limited exception from the general prohibition in section 245(c)(2) that bars an alien who engaged in unauthorized employment from adjusting status under section 245(a). This exception applies to unauthorized employment for beneficiaries of employment-based visa petitions approved under sections 203(b)(1), (2), and (3) of the Act, 8 U.S.C. §§ 1153(b)(1), (2), and (3) (2006), as well as for religious workers under section 203(b)(4). Section 245(k), like section 245(c), contains no reference to section 245(i) of the Act, which, for its part, correspondingly provides that an otherwise eligible alien may adjust

to permanent resident status "[n]otwithstanding the provisions of subsections (a) and (c) of this section."[2]

Thus, neither section 245(c)(2) nor section 245(k) bars the respondent's application for adjustment of status under section 245(i). *See Matter of L-K-*, 23 I&N Dec. 677, 678 (BIA 2004) (noting that "some persons precluded from seeking adjustment under section 245(c) of the Act are allowed to apply for adjustment under the additional requirements set forth in section 245(i) of the Act"). Rather, as stated, section 245(k) of the Act is an exception to the bars to adjustment of status under section 245(a) set forth in sections 245(c)(2), (7), and (8) that can be sought by any alien meeting the terms of section 245(k). Section 245(i), on the other hand, operates as a total waiver of any section 245(c) bar for the limited pool of aliens who have the qualifying section 245(i) priority date.

Although we see no particular ambiguity in the interplay of these respective subsections of section 245 of the Act, we observe that our construction accords with the Attorney General's regulations implementing section 245(i). *See National Lead Co. v. United States*, 252 U.S. 140, 145-46 (1920) (recognizing that "great weight" should be given to an agency's "contemporaneous construction" of an ambiguous statute it administers through its regulations, "especially where such construction has been long continued"); *see also Matter of Fede*, 20 I&N Dec. 35, 36 (BIA 1989) ("A regulation promulgated by the Attorney General has the force and effect of law as to this Board and immigration judges . . . .").

The principal regulation governing eligibility for adjustment of status under section 245(i) of the Act is 8 C.F.R. § 1245.10 (2010), which was initially promulgated in 1994 shortly after Congress enacted section 245(i). *See Matter of Briones*, 24 I&N Dec. 355, 360 (BIA 2007); Adjustment of Status to That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 59 Fed. Reg. 51,091, 51,095-96 (Oct. 7, 1994). That regulation provides, in relevant part, that "[a]n alien who is included in the categories of restricted aliens under [8 C.F.R.] § 1245.1(b) and meets the definition of a 'grandfathered alien' may apply for adjustment of status under section 245[i] of the Act." 8 C.F.R. § 1245.10(b). In turn, 8 C.F.R. § 1245.1(b) (2010) sets forth the categories of restricted aliens who are, with certain exceptions not relevant here, "ineligible to apply for

---

[2]  We note that Congress created section 245(k) of the Act at the same time it eliminated section 245(i). *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, §§ 111(a)–(b), 111 Stat. 2440, 2458 (enacted Nov. 26, 1997); *see also Matter of Briones*, 24 I&N Dec. 355, 360 (BIA 2007) (reviewing the legislative history of section 245(i) of the Act); Ira J. Kurzban, *Immigration Law Sourcebook* 10 (11th ed. 2008-09).

adjustment of status to that of a lawful permanent resident alien under section 245 of the Act, unless the alien establishes eligibility under the provisions of section 245(i) of the Act and § 1245.10." Included in these categories of aliens who may only seek adjustment under section 245(i) is "[a]ny alien who, on or after January 1, 1977, was employed in the United States without authorization prior to filing an application for adjustment of status." 8 C.F.R. § 1245.1(b)(4). Thus, it is plain from these regulations that the Attorney General has not regarded unauthorized employment as a bar to adjustment of status under section 245(i) of the Act. To the contrary, the regulations specifically exempt aliens who are otherwise eligible for adjustment of status under section 245(i) from the bar for unauthorized employment.

## IV. CONCLUSION

For the foregoing reasons, we hold that an alien who is otherwise eligible to adjust status under section 245(i) of the Act is not subject to the unauthorized employment restrictions of sections 245(c) and the exception contained in section 245(k) that apply to adjustment of status under section 245(a). Accordingly, the respondent's appeal will be sustained and the record will be remanded to the Immigration Judge.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.