FILED
United States Court of Appeals
Tenth Circuit

May 8, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE DE JESUS PALACIOS-YANEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 11-9545
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

Jose de Jesus Palacios-Yanez (Palacios) petitions pro se for review of a final order

of removal issued by the Board of Immigration Appeals (BIA).  Palacios challenges the

immigration judge's (IJ) acceptance of his agreement to waive an appeal to the BIA in

exchange for 120 days' pre-conclusion voluntary departure.  An IJ may grant a

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

maximum of 120 days' voluntary departure to an alien prior to the completion of removal proceedings if the alien meets certain conditions, including withdrawing all requests for relief and waiving appeal of all issues. *See* 8 U.S.C. § 1229c(a)(1); 8 C.F.R. § 1240.26(b)(1)(i).[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), (2)(D), and we deny Palacios's petition for review.[2]

### Background

Palacios, a native of Mexico, entered the United States without inspection in 1995. He has two children who are United States citizens, one born in 2006 and the other in 2008. He was arrested in Tulsa, Oklahoma, on April 30, 2008, for driving without a license and following too closely. The Department of Homeland Security (DHS) instituted removal proceedings against Palacios, as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing with counsel at the IJ hearing, Palacios conceded his removability and requested cancellation of removal for nonpermanent residents under 8 U.S.C. § 1229b(b)(1). During the hearing, after learning the nature of Palacios's hardship evidence, the IJ asked whether he would like to consider pre-conclusion voluntary departure. Palacios and his attorney requested and received a brief recess to discuss pre-conclusion voluntary departure.

---

[1] In contrast, voluntary departure granted at the conclusion of the proceedings is limited to 60 days. 8 U.S.C. § 1229c(b)(2).

[2] This appeal was transferred from the Ninth Circuit.

Following the recess, Palacios, through counsel, announced that he and counsel for DHS had reached an agreement whereby Palacios would withdraw all requests for relief and would waive his right to appeal the IJ's decision. In exchange, DHS agreed not to oppose voluntary departure for a period of 120 days. The IJ then reiterated the conditions:

> (1) [Palacios] withdrawing with prejudice, any outstanding requests for relief; (2) [Palacios] waiving the right to appeal the decision of the Court today; (3) [Palacios] will be granted voluntary departure for 120 days, which is the maximum allowed under the law, which means he must depart on or before December 8, 2009, which is a Tuesday.

Admin. R. at 74. After explaining the penalties for failure to depart voluntarily, the IJ asked if Palacios accepted each of those conditions. On counsel's request, the conditions were translated for Palacios into Spanish. Thereafter, the following exchange occurred between the IJ and Palacios:

[IJ]: Now, Mr. Palacios, do you understand what I have explained to you?

[Palacios]: Yes.

[IJ]: And, sir, do you voluntarily accept each of these conditions in exchange for your grant of voluntary departure?

[Palacios]: Yes, I do accept.

[IJ]: And, Mr. Palacios, do you have any questions for the Court at this time before this hearing is adjourned?

[Palacios]: No, just say that I'm surprised. This, this, decision caught me by surprise.

*Id.* at 76. Palacios's counsel then interceded to inquire what his client meant by catching him by surprise, and another brief recess ensued. Following the recess, Palacios's counsel stated that he and his associate had spoken with Palacios in Spanish and both attorneys were "satisfied that this is [Palacios's] free and voluntary act." *Id.* at 77. Accordingly, the IJ entered a final decision granting Palacios pre-conclusion voluntary departure for 120 days and stating that both sides had waived their right to appeal.

Palacios timely filed a pro se petition for review with the BIA. Citing Palacios's appeal waiver, the BIA dismissed the appeal for lack of jurisdiction in a single-member decision. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G) (providing that a single BIA member "may summarily dismiss any appeal" where the appeal is "barred by an affirmative waiver of the right of appeal that is clear on the record"). Palacios now seeks review by this court. He asserts that his agreement to waive his right to appeal was the result of ineffective assistance of counsel. In addition, Palacios makes several arguments that he is entitled to cancellation of removal based on hardship to his family. Because we conclude that his appeal waiver was valid, we do not consider Palacios's claims that he was eligible for cancellation of removal.

### Standards of Review

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Thus, we must "look to the record for 'substantial evidence' supporting the agency's

decision:  [O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (internal quotation marks omitted).  "The agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B) (further quotation omitted)).

**Discussion**

"The Fifth Amendment's guarantee of due process of law is applicable to aliens in removal proceedings.  Even so, an alien's due process rights are subject to waiver."  *Ferry v. Gonzales*, 457 F.3d 1117, 1128-29 (10th Cir. 2006) (citations omitted).  To be valid, the waiver of the right to appeal to the BIA must be knowing and voluntary.  *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987) (holding that the respondents' waivers of the right to appeal their deportation orders "were not considered or intelligent," so the respondents were improperly deprived of judicial review of those orders).

The sole issue presented on appeal is whether Palacios's waiver of his right to appeal was knowing and voluntary.  Palacios does not challenge the pivotal evidence establishing that the IJ informed him of the conditions for receiving 120 days' voluntary departure and that he agreed to those conditions, including waiving his right to appeal.  Rather, he now contends that his attorney provided ineffective

assistance because he withdrew the application for cancellation of removal without Palacios's consent.

An alien "can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, he was denied a fundamentally fair proceeding." *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003) (internal quotation marks omitted) (brackets omitted). Palacios's ineffective-counsel claim is contrary to the record evidence demonstrating his understanding and acceptance of the terms for pre-conclusion voluntary departure, terms that were explained to him in both English and Spanish. In addition, when Palacios expressed surprise at this development, after further consultation with Palacios, his counsel clarified that Palacios understood and accepted the conditions, which included withdrawing all requests for relief and waiving appeal. Accordingly, because the BIA's conclusion does not compel a contrary result, we affirm the BIA's determination that Palacios's appeal waiver is valid and enforceable.[3]

---

[3] Because we conclude that Palacios has failed to show that his attorney's actions denied him fundamental fairness, we do not address whether he has satisfied the BIA's requirements for bringing a claim of ineffective assistance of counsel. *See Tang*, 354 F.3d at 1196.

**Conclusion**

Palacios's petition for review is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge