**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE DE JESUS PALACIOS-YANEZ,
a/k/a Jose De Jesus Palacios-Yanez,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9514
(Petition for Review)

_____

**ORDER AND JUDGMENT**
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

In his removal proceedings before the Immigration Judge, the petitioner

conceded removal and then withdrew all claims for relief from removal, waiving his

right to appeal to the Board in exchange for a pre-hearing grant of a 120-day period

of voluntary departure. Rather than depart, the petitioner appealed to the Board,

which dismissed the appeal based on the waiver. On petition for review, we agreed

with the Board that the petitioner's waiver of his right to appeal was valid and

enforceable. *Palacios-Yanez v. Holder (Palacios-Yanez I)*, 480 F. App'x 474

(10th Cir. 2012).

The petitioner then filed a motion to reopen with the Board, which dismissed

the motion as untimely and for lack of jurisdiction due to his waiver. The

government moved to dismiss the petitioner's subsequent petition for review before this court, arguing we lacked jurisdiction both because we had no jurisdiction to review a decision granting or denying voluntary departure and because the Board's lack of jurisdiction to review the motion to reopen curtailed our own jurisdiction to review the Board's dismissal. We granted the motion to dismiss, agreeing we lacked jurisdiction, and denied the government's request to impose sanctions. But we warned the petitioner that future frivolous petitions for review would result in sanctions. *Palacios-Yanez v. Holder (Palacios-Yanez II)*, No. 13-9511, Order (10th Cir. May 13, 2013).

The petitioner filed a second motion to reopen, which the Board again dismissed for lack of jurisdiction, followed by his third petition for review, which we dismissed for want of prosecution. *Palacios-Yanez v. Holder (Palacios-Yanez III)*, No. 14-9520, Order (10th Cir. Jan. 6, 2015). In this, his fourth petition for review, the petitioner seeks review of the Board's jurisdictional dismissal of his third motion to reopen. The government has again moved to dismiss the petition for lack of jurisdiction.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the Board's denial of a motion to reopen as "a final, separately appealable order," *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004), but we lack jurisdiction to review the Board's discretionary determinations under 8 U.S.C. § 1229c regarding voluntary departure, 8 U.S.C. § 1252(a)(2)(B)(i). More specifically, pursuant to our decision in *Alzainati v. Holder*, 568 F.3d 844 (10th Cir. 2009), the jurisdictional bar in § 1252(a)(2)(B)(i)

2

divests us of jurisdiction where the Board's denial of a motion to reopen is, like the underlying removal order, based on the merits of a discretionary determination. *Alzainati*, 568 F.3d at 850 (applying this reasoning in review of the Board's denial of a motion to reopen based on a determination that new evidence did not demonstrate hardship to support cancellation of removal under 8 U.S.C. § 1229b).  When the Board denies a motion to reopen on a procedural ground, however, "such as the failure to exercise an adequate opportunity to pursue the requested relief before the IJ," or "filing a deficient motion to reopen," § 1252(a)(2)(B)(i) does not preclude our review.  *Alzainati*, 568 F.3d at 849–50 (collecting cases).

In this case, the Board declined to exercise jurisdiction over the petitioner's third motion to reopen because "the motion raises no issues related to the Board's prior determination" that his appeal was "untimely filed," and because "a motion seeking to . . . reopen proceedings should be filed with the [IJ], who entered the last substantive decision in this case."  R. at 6.  Because this denial is based on procedural grounds, we have jurisdiction.  *See Alzainati*, 568 F.3d at 849–50.  Accordingly, the government's motion to dismiss is denied.

We review the Board's denial of the petitioner's motion to reopen for an abuse of discretion, which occurs when the "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (internal quotation marks omitted).  There is no abuse of discretion when the Board's "rationale is clear, there is no departure from established policies,

3

and its statements are a correct interpretation of the law, even when the [Board's] decision is succinct." *Id*. (internal quotation marks omitted).

Under 8 C.F.R. § 1240.26(b)(1)(i), an IJ can grant an alien voluntary departure before the conclusion of removal proceedings only when certain conditions are met. One condition is that the alien "[w]aives appeal of all issues." *Id*. § 1240.26(b)(1)(i)(D). The Board lacks jurisdiction to review an IJ's decision if an alien has knowingly and intelligently waived his right to appeal, and any motion to reopen is proper only before the IJ, not the Board. *In re Shih*, 20 I. & N. Dec. 697, 699 (B.I.A. 1993). Here, the Board determined on the petitioner's appeal that there was no defect in his waiver, and this court denied review. As the Board has noted on multiple occasions now, any further relief for the petitioner must begin with a motion to reopen before the IJ. Accordingly, there is no basis for us to conclude that the Board abused its discretion in dismissing the petitioner's motion to reopen.

The petitioner's request to proceed *in forma pauperis* is denied. This appeal is frivolous as it is "'based on an indisputably meritless legal theory.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Moreover, the petitioner continues to file petitions for review in the Ninth Circuit even though he should have known from the first petition, which was transferred here, that venue is proper in this circuit. *See id.* at 1272 (noting the process through which aliens can "significantly delay removal by improperly filing petitions in the Ninth Circuit"). In *Salgado-Toribio*, the petitioner filed three petitions for review in the Ninth Circuit in an attempt to obtain temporary

4

stays of removal, although he should have known that venue was proper in this court. *Id*. The court warned the petitioner that if he again filed a frivolous petition for review, sanctions would likely be imposed. *Id*. at 1273. Similarly, the petitioner here has filed three petitions for review in the Ninth Circuit that have all been transferred to this court and either rejected or dismissed. *See Palacios-Yanez I*, 480 F. App'x at 477; *Palacios-Yanez III*, Order at 1; *Palacios-Yanez II*, Order at 2. The court has warned the petitioner that further frivolous petitions for review may result in sanctions. *Palacios-Yanez II*, Order at 2.

Under Federal Rule of Appellate Procedure 38, if a court of appeals determines that an appeal is frivolous, sanctions are proper "after a separately filed motion or notice from the court and reasonable opportunity to respond." Here, though the government takes no position on sanctions, it does encourage the court to refuse further filings in this matter from the petitioner. Despite the government's request and the court's prior warning, the petitioner did not file a response. The "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (en banc) (per curiam) (internal quotation marks omitted). Therefore, we *sua sponte* impose restrictions on future filings in this court by the petitioner "commensurate with our inherent power to enter orders necessary or appropriate in aid of our jurisdiction" under 28 U.S.C. § 1651. *Winslow*, 17 F.3d at 315.

5

We hereby enjoin the petitioner from proceeding as a petitioner or appellant unless either (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to proceed pro se. To proceed pro se, the petitioner must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action, which includes a list of all actions currently pending or filed previously with this court or any other federal circuit court or district court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the petition or appeal; and

2. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the underlying decision of the district court or administrative agency, and describing with particularity the order being challenged. The affidavit also must certify, to the best of the petitioner's knowledge, that (1) the legal arguments being raised are not frivolous or made in bad faith; (2) they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (3) the petition or appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and (4) he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge or his or her designee for review to determine whether to permit an appeal. Without that approval, the matter will be dismissed. If the Chief Judge or his or her designee approves the filing, an order shall be entered indicating that the petition or appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

The petitioner shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If the petitioner does file timely objections, these sanctions shall not take effect until after this court has ruled on the objections.

We caution the petitioner to consider the filing restrictions placed upon him by this court. Both the government's motion to dismiss and the petition are denied. The petitioner's motion to proceed *in forma pauperis* is denied.

Entered for the Court


Timothy M. Tymkovich
Chief Judge

7