[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14782
Non-Argument Calendar

_____

Agency No. A093-440-761

DOROTHY TAYLOR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(December 13, 2019)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Dorothy Taylor, a native and citizen of Ghana, petitions for review of an order dismissing her appeal of a decision that granted her voluntary departure. 8 U.S.C. § 1229c(a). The Board of Immigration Appeals dismissed Taylor's appeal for lack of jurisdiction based on her appeal waiver. Taylor argues that the immigration judge was biased and that she did not waive her right to appeal knowingly and voluntarily. We dismiss in part and deny in part Taylor's petition.

We lack jurisdiction to review the part of Taylor's petition concerning judicial bias. We "may review a final order of removal [based on a constitutional claim] only if . . . the alien has exhausted all administrative remedies available to [her] as a matter of right." *Id.* § 1252(d)(1), (a)(2)(D). Taylor argues that the immigration judge denied her due process by expressing "frustration with her case" and endorsing an agreement for her to depart voluntarily and avoid deportation for fraud, *see id.* § 1182(a)(6)(C)(i), but Taylor failed to make that argument in her appeal to the Board. Because "we are divested of jurisdiction to consider a claim that was not presented to the immigration courts, as an alien must exhaust the administrative remedies available to [her] prior to obtaining judicial review," *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001) (internal quotation marks omitted), we dismiss this part of Taylor's petition.

The Board lacked jurisdiction to entertain Taylor's appeal. Taylor's request to depart voluntarily before the completion of her removal proceedings embodied

2

an appeal waiver, 8 C.F.R. § 1240.26(b)(1)(i), so when the immigration judge granted her voluntary departure, that decision became final and stripped the Board of jurisdiction over Taylor's case. *See Matter of Shih*, 20 I. & N. Dec. 697, 698–99 (B.I.A. 1993). Taylor argues that her appeal waiver was "not considered or intelligent," *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987), because her attorney misinformed her that voluntary departure would allow her to avoid deportation and remain in the United States with her children. But any deficiencies in the attorney's performance did not prejudice Taylor. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). The immigration judge apprised Taylor of the consequences of voluntary departure, and she twice confirmed that she had to depart the country by March 29, 2018, that her "decision . . . [was] final" and "waive[d] appeal," and that her "conditional permanent resident status would be terminated effective that same day, March the 29th." The immigration judge inquired repeatedly whether Taylor had any questions, yet she asked only if her children "can stay" in the United States. After the immigration judge responded that Taylor's agreement "doesn't affect anyone other than [her]," she stated that she had no other questions. Because Taylor knowingly and intelligently waived her right to appeal, the acceptance of her request for voluntary departure stripped the Board of jurisdiction over her appeal. We deny this part of Taylor's petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**