## In re Francisco OCAMPO-Ugalde, Respondent

### File A76 376 387 - Los Angeles

*Decided March 24, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Voluntary departure may not be granted prior to the completion of removal proceedings without an express waiver of the right to appeal by the alien or the alien's representative.

Pro se

Before: Board Panel: FILPPU, MATHON, and MOSCATO, Board Members.

FILPPU, Board Member:

In a decision rendered February 12, 1998, the Immigration Judge found the respondent removable as charged and granted him voluntary departure. The respondent has appealed that decision. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

### I. BACKGROUND

The respondent, a native and citizen of Mexico, entered the United States without inspection on or about June 1, 1985. On November 21, 1997, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862), commencing these removal proceedings.

The respondent appeared with counsel before the Immigration Judge at a master calendar hearing on January 13, 1998. At that hearing, counsel conceded removability and requested a continuance in order to review the respondent's eligibility for relief. Counsel also indicated that the respondent would seek only voluntary departure and would withdraw the pending application that he had previously filed.

On February 12, 1998, the respondent again appeared before the

Immigration Judge. Counsel stated that he had reviewed with the respondent the options available to him and that the respondent would seek only voluntary departure. After establishing the respondent's eligibility for this form of relief, including the fact that he had not been convicted of any crimes, the Immigration Judge granted him a period of 120 days' voluntary departure, without opposition from the Service. The Immigration Judge informed the respondent that this was the maximum period of departure time allowed.

The Immigration Judge then concluded proceedings by serving a copy of the written order on the parties. The Immigration Judge's written order indicates that the respondent was granted 120 days' voluntary departure, that his other pending application was withdrawn, that the parties had waived appeal, and that no further bond would be required.

On March 13, 1998, the respondent filed a timely appeal in which he alleged that the Immigration Judge abused her discretion by denying his "application for relief." In a lengthy appellate brief, the respondent argues that he is eligible for cancellation of removal and asks the Board to overturn the Immigration Judge's denial of his application for that form of relief. The Service has not responded to the appeal.

## II. ISSUE

The issue in this case is whether voluntary departure may be granted prior to the completion of removal proceedings without an express waiver of the right to appeal by the alien or the alien's representative.

## III. JURISDICTION

Before we consider the respondent's arguments in support of his appeal, we must determine whether his appeal is properly before us. Because the respondent was granted relief that is conditioned on a waiver of the right to appeal, we must ascertain whether such a waiver occurred.

### A. Types of Voluntary Departure

In removal proceedings, an Immigration Judge may grant voluntary departure either at the master calendar stage of proceedings or at their completion. 8 C.F.R. § 240.26 (1999). The Immigration Judge may also grant voluntary departure at any time prior to the completion of proceedings if the Service stipulates to a grant. 8 C.F.R. § 240.26(b)(2).

There is a distinct difference between the form of voluntary departure available at the outset of proceedings and that available at their conclusion.

*See Matter of Arguelles*, 22 I&N Dec. 811 (BIA 1999). When voluntary departure is sought at the outset of proceedings, the standards for eligibility are less demanding and the posting of a bond is not required. *See* 8 C.F.R. §§ 240.26(b)(1), (b)(3), (c)(1), (c)(3); *see also* sections 240B(a), (b) of the Immigration and Nationality Act, 8 U.S.C. §§ 1229c(a), (b) (Supp. II 1996). If voluntary departure is granted prior to the completion of removal proceedings, the Immigration Judge may grant a period of time up to 120 days, as opposed to the 60-day limit when voluntary departure is sought at the completion of proceedings. 8 C.F.R. § 240.26(e); *see also* sections 240B(a)(2), (b)(2) of the Act.

In the respondent's case, voluntary departure was granted at the outset of proceedings, for a period of 120 days, and without a bond being required. The record thus reflects that the Immigration Judge granted the respondent voluntary departure pursuant to section 240B(a) of the Act and its implementing regulations.

## B. Eligibility for Voluntary Departure

The regulations set forth preconditions that must be met before the Immigration Judge may grant voluntary departure prior to the completion of removal proceedings. Those preconditions are as follows: (1) the voluntary departure request must be made prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing; (2) the alien must not seek any other form of relief and must withdraw any outstanding requests for relief; (3) the alien must concede removability; (4) the alien must waive appeal of all issues; and (5) the alien must not have been convicted of certain crimes described in the Act. 8 C.F.R. § 240.26(b)(1)(i);[1] *see also Matter of Arguelles*, *supra*. As necessary, the Immigration Judge may impose discretionary conditions on the grant of voluntary departure,

---

[1]The regulation at 8 C.F.R. § 240.26(b)(1)(i) provides as follows:

*Prior to completion of removal proceedings—*(1) *Grant by the immigration judge.* (i) An alien may be granted voluntary departure by an immigration judge pursuant to section 240B(a) of the Act *only if* the alien:

(A) Makes such request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing;

(B) Makes no additional requests for relief (or if such requests have been made, such requests are withdrawn prior to any grant of voluntary departure pursuant to this section);

(C) Concedes removability;

(D) Waives appeal of all issues; and

(E) Has not been convicted of a crime described in section 101(a)(43) of the Act and is not deportable under section 237(a)(4). (Emphasis added.)

separate from the enumerated preconditions, to ensure that the alien departs the United States within the time specified. 8 C.F.R. § 240.26(b)(3).

We observe that, in the respondent's case, all but one of these preconditions have clearly been met. The respondent indicated at the master calendar hearing that he intended to seek voluntary departure.[2] He made no additional requests for relief and, through counsel, expressly withdrew his only pending application. The respondent conceded removability. He established to the satisfaction of the Immigration Judge that he had never been convicted of any crimes. Thus, the only precondition that was not clearly satisfied on the record was the respondent's waiver of his right to appeal. *See* 8 C.F.R. § 240.26(b)(1)(i)(D).

## C. Waiver of the Right to Appeal

The Immigration Judge clearly assumed that the respondent had waived appeal. The record, however, is silent on this matter. We observe that at no time did the Immigration Judge or either of the parties raise the issue of appeal or discuss on the record the respondent's right to appeal.

We appreciate that the Immigration Judge would not have granted this form of relief unless she was satisfied that the respondent fully intended to waive appeal. We also appreciate the administrative economies that Immigration Judges rightfully pursue in the course of managing their dockets, and that this form of voluntary departure was created, in whole or in part, to conclude cases promptly and decisively. *See Matter of Cordova*, 22 I&N Dec. 966 (BIA 1999). Nonetheless, given the regulatory requirement that the right to appeal be waived and the due process implications of construing an "implicit" waiver of the right to appeal, as well as the jurisdictional implications of a waiver itself, we find it critical that the record must clearly demonstrate that the right to appeal was actually, and not merely constructively, waived by the alien. *See, e.g.,* section 240(c)(4) of the Act, 8 U.S.C. § 1229a(c)(4) (Supp. II 1996) ("If the immigration judge decides that the alien is removable and orders the alien to be removed, the judge shall inform the alien of the right to appeal that decision . . . ."); *United States v. Gonzalez-Mendoza*, 985 F.2d 1014, 1017 (9th Cir. 1993) (discussing the importance of not presuming that a fundamental right has been waived); *cf. Matter of Shih*, 20 I&N Dec. 697 (BIA 1993) (advising that a

---

[2]We are cognizant that, although the respondent clearly indicated his interest in voluntary departure at his first appearance before the Immigration Judge, he did not actually request that relief until his hearing reconvened at a later date. We do not find this circumstance problematic, however, because the rescheduling was treated by the parties and the Immigration Judge as a continuation of the master calendar hearing.

motion alleging that a waiver of appeal was not knowingly and intelligently made should be filed with the Immigration Judge) (dictum).

To that end, we believe it prudent and necessary for Immigration Judges to advise respondents, on the record, that the right to appeal must be waived as a precondition to receiving this form of voluntary departure. *See Matter of Cordova*, *supra*. The only instance in which an Immigration Judge might safely forego such an oral notification is when the record contains a written stipulation or comparable documentary evidence wherein the respondent, or the respondent's counsel, expressly waives appeal as part of establishing that all the regulatory requirements for this form of voluntary departure have been satisfied. Accordingly, we hold that, without an oral notice regarding the waiver of the right to appeal or a written attestation reflecting the respondent's awareness of this requirement, an Immigration Judge lacks the authority to grant voluntary departure prior to the completion of proceedings. Because the record does not establish that the respondent waived appeal, the respondent's appeal is properly before us.

## IV. ELIGIBILITY FOR RELIEF

On appeal, the respondent contends that the Immigration Judge improperly denied him relief in the form of cancellation of removal. The record reflects, however, that the respondent did not file such an application and had never sought that form of relief before the Immigration Judge. Furthermore, the record indicates that the respondent requested only voluntary departure. The respondent's argument is therefore without merit. If there were no other issues in this case, the respondent's appeal would qualify for summary dismissal as contemplated by 8 C.F.R. § 3.1(d)(1-a)(D) (1999).

The respondent does not contest his grant of voluntary departure. Nonetheless, as we have observed, the Immigration Judge did not have the authority to grant him that relief. Given the significance of this procedural defect, the respondent's apparent eligibility for voluntary departure, and the ramifications for his right to appeal, we will remand the record to the Immigration Judge to permit the respondent to reapply for voluntary departure in accordance with the requirements set forth in the regulations.[3]

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's order of February 12, 1998, is vacated, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.

---

[3]Should the respondent elect not to seek this form of voluntary departure, the Immigration Judge may entertain other requests for relief and conduct proceedings accordingly.