# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2010

Charles R. Fulbruge III
Clerk

No. 09-60235
Summary Calendar

METHODE KOMI MAWUNA BEKOU,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals
BIA No. A77 818 460

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Methode Komi Mawuna Bekou (Bekou), proceeding pro se and in forma pauperis, seeks review of a March 4, 2009 order of the Board of Immigration Appeals (BIA) that dismissed Bekou's case after determining that it lacked jurisdiction because Bekou had waived appeal of the Immigration Judge's (IJ's) December 15, 2008 decision ordering him removed from the United States. Bekou alleges that his waiver of appeal of the IJ's December 15, 2008

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 09-60235

decision was ineffective, and even if the waiver was effective, this court should find that he is a citizen by birth of the United States.

## I. FACTUAL BACKGROUND

Bekou entered the United States on July 21, 1998 on a J-1 non-immigrant visa, with authorization to remain in the United States for a temporary period not to exceed October 17, 1998, in order to teach French at the Concordia Language Villages in Hackensack, Minnesota. Bekou has remained in the United States beyond October 17, 1998 without authorization from the Immigration and Naturalization Services (INS). Accordingly, on July 21, 2008, the Department of Homeland Security (DHS) issued a Notice to Appear to petitioner charging him with removability under section 237(a)(1)(B) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1227(a)(1)(B). During the removal proceedings, Bekou argued that he had dual citizenship in both the United States and Togo based on his alleged birth at Niagara Falls, New York and his Togolese passport allegedly obtained in 2006 by his mother in Togo.

After holding four hearings on the charge of removability and offering several opportunities for Bekou to obtain counsel, the IJ found that Bekou was not born in the United States and accordingly was removable as charged. Bekou indicated his acceptance of the decision and stated "I don't want to appeal anything." Accordingly, the IJ entered a final removal to Germany, Bekou's designated removal destination, with an alternate order of removal to Togo. Notwithstanding his waiver of appeal, on January 5, 2009, Bekou filed a timely appeal of the IJ's decision before the BIA. On March 4, 2009, the BIA found that Bekou had waived his appeal and therefore found it lacked jurisdiction to hear his appeal. On March 23, 2009, Bekou filed a motion to reconsider with the BIA,

No. 09-60235

and on June 30, 2009, the BIA denied Petitioner's motion after determining that reconsideration of the March 4, 2009 decision was not warranted.[1]

## II. CLAIM OF INEFFECTIVE WAIVER

Jurisdiction to review Bekou's appeal of the BIA's March 4, 2009 order is proper in this court under section 242(a)(1) of the INA. 8 U.S.C. § 1252(a)(1), *amended by* the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231. With respect to Bekou's claim that his waiver of appeal of the IJ's final order was ineffective, jurisdiction in this court is proper even though Bekou failed to specifically raise the issue on appeal to the BIA. While "we refuse to saddle the BIA with the burden of identifying the substance of an immigration appeal[,] . . . [t]his is not to preclude the BIA from raising issues that the parties have seemingly abandoned, and should the BIA choose to do so, our exhaustion inquiry might be much different." *Omari v. Holder*, 562 F.3d 314, 322 (5th Cir. 2009) (citing *Lin v. Att'y Gen. of the U.S.*, 543 F.3d 114, 122-26 (3d Cir. 2008) (discussing the circuit split on the issue of exhaustion)). Furthermore, the exhaustion requirement "is not needlessly technical or formalistic[,]" and "requiring the fair presentation of a contested issue is sound policy." *Omari*, 562. F.3d at 321.[2]

---

[1] Because Bekou did not seek judicial review of the BIA's June 30, 2009 order, we shall not consider it. *See United States v. Narviz-Guerra*, 148 F.3d 530, 537 (1998) ("[A]ll issues not briefed are waived." (citation omitted)). For final removal orders, section 242(b)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(b)(1), provides that a petition for judicial review "must be filed not later than thirty days after the date of the final order of removal." *See also Stone v. Immigration and Naturalization Serv.*, 514 U.S. 386, 405 (1995) (holding that "a deportation order is final, and reviewable, when issued," and "[i]ts finality is not affected by the subsequent filing of a motion to reconsider").

[2] The Third Circuit has held that "[w]hile we would usually hold that a petitioner's failure to present an issue to the BIA constituted a failure to exhaust, thus depriving us of jurisdiction to consider it," where the BIA addresses and rules on the unraised issue *sua sponte*, we have jurisdiction to consider the petition for review because the BIA addressed the issue on the merits "thereby exhausting the issue." *Lin*, 543 F.3d at 126.

With respect to Bekou's waiver, we shall make our determination "only on the administrative record on which the order of removal is based," and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §§ 1252(b)(4)(A)-(B). In addition, we review factual determinations under the substantial evidence standard and will not reverse the BIA's findings "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (internal quotations and citations omitted).

The BIA found that Bekou had "not made an effective argument that his decision to waive appeal was not a knowing and intelligent one," and accordingly, "the Immigration Judge's decision became administratively final upon the respondent's waiver of the right to appeal . . . ." Particularly, the BIA found that "[t]he hearing transcript includes the respondent's testimony that he accepted the removal order and did not want to appeal with regard to any issue[,]" and "the Immigration Judge noted the appeal waiver at the bottom of his decision." Moreover, because the waiver of appeal was plain on the record, the BIA was entitled to summarily dismiss his appeal. 8 C.F.R. § 1003.1(d)(2)(i)(G), (e)(3). Because Bekou has failed to introduce any evidence that his decision to waive appeal was not a knowing and intelligent one, we find that no "reasonable adjudicator would be compelled to conclude to the contrary" and accordingly, we affirm the decision of the BIA. 8 U.S.C. §§ 1252(b)(4)(A)-(B).

## III. CLAIM OF U.S. CITIZENSHIP BY BIRTH

We shall review Bekou's claim of United States citizenship de novo unless we find that "a genuine issue of material fact about [Bekou's] nationality" has been presented to the court, in which case we "shall transfer the proceeding to the district court . . . for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court." 8 U.S.C. §

1252(b)(5)(A)-(B).  *See Lopez v. Holder* 563 F.3d 107, 110 (5th Cir. 2009) ("[A] court of appeals is directed to conduct a de novo determination based on the record, of an alien's claim of nationality." (citing *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006))); *see also Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 393 (5th Cir. 2006) ("Under the plain words of 8 U.S.C. § 1252(b)(5)(A), we are empowered to 'decide [a putative citizen's] nationality claim' if we 'find[] from the pleadings and affidavits that no genuine issue of material fact about [his] nationality is presented.'"); *Alwan v. Ashcroft*, 388 F.3d 507, 510 (5th Cir. 2004) ("[T]he INA explicitly places the determination of nationality claims in the hands of the courts." (citation omitted)).

Here, transfer to the district court is inappropriate because Bekou has failed to present "a genuine issue of material fact" as to his citizenship.  At the proceedings below, the IJ found that "all of the evidence indicate[d] that [Bekou was] born in Togo."  In particular, DHS presented the following evidence establishing that Bekou was a native and citizen of Togo: (1) Bekou's Togo passport which was issued on March 14, 2006 and lists his nationality as Togolaise, his birth place as Atakpame, Togo, and his date of birth as March 25, 1968; (2) Bekou's prior Form I-589, Application for Asylum and Withholding of Removal, which was signed by Bekou on April 16, 1999 and lists his present nationality as Togolese, his nationality at birth as Togolese, his city of birth as Atakpame, Togo, his birth date as March 25, 1968, and the expiration date of his authorized stay as October 17, 1998; (3) Bekou's signed and notarized affidavit in support of his Application for Asylum, wherein Bekou states he was born in Atakpame, Togo on March 25, 1968 and is a native and citizen of Togo; (4) an attestation by Komla Clement Nyamikou, the Federal President of the Union of Forces for Change Federation of Wawa (a political organization in which Bekou was active) stating that Bekou was born on March 25, 1968 in Atakpame, Togo; (5) US-Visit records listing Bekou's nationality and birthplace as Togo; and a

No. 09-60235

November 7, 2008 memorandum from Bryan Firmin, U.S. Immigration and Customs Enforcement Deportation Officer stating that "there is no doubt" that the fingerprints submitted with Bekou's I-589 Asylum Application match a 2008 sample taken while he was in DHS custody. In contrast, nothing in the record supports Bekou's claim that he was born in the United States.

In his petition before this court, Bekou has introduced additional evidentiary documents, such as college transcripts, receipts for tax preparation services, a United States Treasury tax return check, and medical records; however, none of the additional evidence presented is sufficient to establish that a genuine issue of material fact exists with respect to Bekou's nationality by birth. Bekou's conclusory allegations that he was born in the United States are insufficient, and "[s]omething more than a fanciful allegation is required . . . when the moving party has met its burden of demonstrating the absence of any genuine issue of material fact." *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1030 (5th Cir. 1983).[3] Accordingly, this court shall retain jurisdiction and determine his claim of citizenship by birth.

When, as in this case, an alien "asks the [g]overnment to endow him with all the advantages of citizenship[,]" "the burden is on the alien applicant to show his eligibility for citizenship in every respect." *Berenyi v. Dist. Dir., Immigration and Naturalization Serv.*, 385 U.S. 630, 636-37 (1967). Because citizenship, "once granted, cannot lightly be taken away," all "doubts 'should be resolved in favor of the United States and against the claimant.'" *Id.* at 637 (citing *United States v. Macintosh*, 283 U.S. 605, 625 (1931) *overruled on other grounds by*

---

[3] The "genuine issue of material fact" standard is analogous to that governing motions for summary judgment under Fed. R. Civ. P. 56. *Agosto v. Immigration and Naturalization Serv.*, 436 U.S. 748, 754 (1978). "We may reasonably assume that, in using the language from Rule 56 as the standard for granting de novo district court hearings on citizenship claims, Congress intended the language to be interpreted similarly to that in Rule 56." *Id. See also Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).

*Girouard v. United States*, 328 U.S. 61 (1946)).  In addition, "the burden of proof shall be upon the claimant . . . to establish the claimed citizenship by a preponderance of the evidence."  8 C.F.R. § 341.2(c).

Bekou has failed to prove, by a preponderance of the evidence, that he is a citizen of the United States.  We agree with the IJ's determination that the evidence points towards the conclusion that Bekou was born in  Atakpame, Togo on March 25, 1968 and therefore not a citizen by birth of the United States.[4]

For the foregoing reasons, Bekou's petition for review and claim of United States citizenship are each hereby DENIED.

---

[4] A person may acquire U.S. citizenship through either birth or naturalization.  *See Miller v. Albright*, 523 U.S. 420, 423 (1998).  Because Bekou has not alleged or provided any evidence that he is a naturalized U.S. citizen, we will not consider that issue.  *See Narviz-Guerra*, 148 F.3d at 537 ("All issues not briefed are waived." (citation omitted)).