# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2011

No. 10-60247
Summary Calendar

Lyle W. Cayce
Clerk

INAAM AHMAD-MULID,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 356 816

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Inaam Ahmad-Mulid has filed a petition for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal for lack of jurisdiction based on her waiver of appeal before the Immigration Judge (IJ). Mulid argues that conducting the questioning for voluntary departure in English rather than Arabic "casts serious doubt on whether she knowingly and willingly accepted four months of voluntary departure in exchange for giving up all other applications for relief from removal and waiving her appeal rights."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court "review[s] factual determinations under the substantial evidence standard and will not reverse the BIA's findings 'unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise.'" *Bekou v. Holder*, 363 F. App'x 288, 290-91 (5th Cir. 2010) (quoting *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001)).   In order for an IJ to grant an alien voluntary departure before the conclusion of removal proceedings, an alien must waive appeal of all issues.   8 C.F.R. § 1240.26(b)(1)(i)(D); *In re Ocampo-Ugalde*, 22 I. & N. Dec. 1301, 1303 (2000).   The alien's decision to waive his right to appeal must be knowing and intelligent.   *Bekou*, 363 F. App'x at 291; *Ocampo-Ugalde*, 22 I. & N. Dec. at 1304-05   The BIA lacks jurisdiction to consider an appeal of the IJ's decision if the alien has validly waived his right to appeal. *Bekou*, 363 F. App'x at 291; *Shih*, 20 I. & N. Dec. at 698-99.

The record shows that in the earlier proceedings in 2002 and 2003, some five to six years prior to the final hearing in 2008, Mulid required an Arabic translator.   In later proceedings, after she had been in the United States for several years, she participated in the proceedings in English without any objection that she did not understand, and she indicated to the IJ that she was comfortable proceeding in English.   At a hearing in 2007, the IJ specifically asked Mulid's counsel to inform him if Mulid needed to proceed in a language other than English, because his notes indicated that she had no difficulty communicating in English.   Neither Mulid nor her counsel objected to proceeding in English.

Mulid has failed to point to any evidence in the administrative record to support her argument that her decision to accept voluntary departure and waive her appeal, on the advice of counsel, was not knowing and intelligent.   No reasonable factfinder would be compelled to find otherwise, substantial evidence supports the BIA's determination that Mulid waived her appeal, and the BIA properly dismissed her appeal for lack of jurisdiction.   *See Bekou*, 363 F. App'x at 290-91.   We need not address Mulid's other arguments concerning the denial

of a continuance and the denial of a full and fair hearing on the merits of her asylum claim because she has waived appeal on any issues other than those bearing on the knowing and intelligent nature of her waiver of appeal.

The petition for review is DENIED.