# Matter of C-B-, Respondent

*Decided August 15, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In order to meaningfully effectuate the statutory and regulatory privilege of legal representation where it has not been expressly waived by a respondent, an Immigration Judge must grant a reasonable and realistic period of time to provide a fair opportunity for the respondent to seek, speak with, and retain counsel.

(2)  If a respondent expresses a fear of persecution or harm in a country to which he or she might be removed, the regulations require the Immigration Judge to advise the respondent of the right to apply for asylum or withholding of removal (including protection under the Convention Against Torture) and make the appropriate application forms available.

(3)  If a respondent indicates that he or she will not waive appeal and is therefore ineligible for a grant of voluntary departure prior to the completion of removal proceedings under section 240B(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(a)(1) (2006), the Immigration Judge should consider the respondent's eligibility for voluntary departure at the conclusion of the proceedings under section 240B(b)(1).

FOR RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Dion A. Morwood, Assistant Chief Counsel

BEFORE: Board Panel: GUENDELSBERGER and ADKINS-BLANCH, Board Members; HOFFMAN, Temporary Board Member.

GUENDELSBERGER, Board Member:

In a decision dated January 25, 2012, an Immigration Judge found the respondent removable and ineligible for relief from removal.  The respondent has appealed from that decision, arguing that the Immigration Judge should have continued the proceedings to permit him to obtain legal representation and should have allowed him to apply for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the

United States Apr. 18, 1988) ("Convention Against Torture"). The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who was placed in removal proceedings by the issuance of a notice to appear on January 17, 2012. His only removal hearing, at which he was detained and unrepresented, was held on January 25, 2012. At first the respondent was included in an initial master calendar hearing of detained aliens who received group advisals. The Immigration Judge advised the respondent in that context that he had a right to be represented by counsel in removal proceedings and confirmed that he had received the list of attorneys and qualified organizations that provide free legal services.

When the Immigration Judge first addressed the respondent individually, the respondent stated that he did not think he wanted more time to get a lawyer and that he wanted to be removed that day. The Immigration Judge then directed the respondent to return to the back of the courtroom while she heard the cases of other detainees in the group.

When the Immigration Judge returned to questioning the respondent, she again asked him if he wanted more time to get a lawyer to fight his case. At this point, the respondent answered in the affirmative. When reminded of his prior response, the respondent indicated that he had changed his mind because he had a son. The Immigration Judge did not ask for clarification regarding the respondent's request for a continuance to seek counsel; nor did she rule on the request for a continuance. Instead, she proceeded to take pleadings and find the respondent removable.

## II. ANALYSIS

### A. Right to Representation

Respondents in immigration proceedings have the statutory and regulatory "privilege of being represented" by counsel of their choice at no expense to the Government. *See* sections 240(b)(4)(A), 292 of the Act, 8 U.S.C. §§ 1229a(b)(4)(A), 1362 (2006); *see also* 8 C.F.R. §§ 1003.16(b), 1240.3; 1240.11(c)(1)(iii) (2012). In order to meaningfully effectuate the statutory and regulatory privilege of legal representation where it has not been expressly waived, the Immigration Judge must grant a reasonable and realistic period of time to provide a fair opportunity for a respondent to seek, speak with, and retain counsel.

The respondent did not waive his privilege of legal representation.[1] We appreciate why the Immigration Judge proceeded as she did, given the docket pressures of a detained calendar and the respondent's differing responses during the course of the proceedings. However, since the respondent did express a change of heart, the Immigration Judge should have asked for further clarification or explanation from the respondent. She should have expressly ruled on the request for a continuance and explained the reasons for not continuing the proceeding. *See* 8 C.F.R. §§ 1003.29, 1240.6 (2012).

While it is critical that a detained docket move efficiently, it is also essential that Immigration Judges be mindful of a respondent's invocation of procedural rights and privileges. Consequently, we conclude that in the absence of a knowing and voluntary waiver of the privilege of legal representation, the Immigration Judge's denial of a continuance to seek such representation resulted in the denial of the respondent's statutory and regulatory privilege. *See* sections 240(b)(4)(A), 292 of the Act; 8 C.F.R. §§ 1003.16(b); 1240.3, 1240.10(a) (2012); *see also Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *Velasquez Espinosa v. INS*, 404 F.2d 544, 546 (9th Cir. 1968); *cf. Matter of Perez-Andrade*, 19 I&N Dec. 433, 434 (BIA 1987) (finding that the denial of a continuance will not be overturned on appeal unless it appears that the respondents were deprived of a fair hearing); *Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983) (same).

## B. Advisals Regarding Asylum

At the hearing, the respondent expressed a fear of returning to Guatemala because it is a country with a lot of violence. Without further inquiry, the Immigration Judge concluded that the respondent was not eligible for relief from removal on that basis.

If a respondent expresses a fear of persecution or harm in a country to which he might be removed, the regulations require the Immigration Judge

---

[1] In order for a waiver to be valid, an Immigration Judge must generally (1) inquire specifically as to whether a respondent wishes to continue without a lawyer and (2) receive a knowing and voluntary affirmative response. *See Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008); *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 807 (9th Cir. 2007); *Baltazar-Alcazar v. INS*, 386 F.3d 940, 945 (9th Cir. 2004); *Castro-O'Ryan v. INS*, 847 F.2d 1307, 1313 (9th Cir. 1988); *Reyes-Palacios v. INS*, 836 F.2d 1154, 1155-56 (9th Cir. 1988); *Colindres-Aguilar v. INS*, 819 F.2d 259, 261 (9th Cir. 1987); *Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985); *Castro-Nuno v. INS*, 577 F.2d 577, 579 (9th Cir. 1978). Failure to obtain such a waiver is an effective denial of the right to counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004).

to advise the respondent of the right to apply for asylum or withholding of removal (including protection under the Convention Against Torture) and make the appropriate application forms available. *See* 8 C.F.R. § 1240.11(c)(1)(i)–(ii); *see also* 8 C.F.R. §§ 1208.13, 1208.16, 1208.17 (2012). When the respondent expressed a fear of returning to Guatemala, the Immigration Judge should have (1) advised the respondent that he could apply for asylum and withholding of removal, (2) asked him if he wished to apply for those forms of relief, and (3) made the required forms for applying for such relief available to him in order to comply with the requirements of 8 C.F.R. § 1240.11(c)(1)(i) and (ii).

### C. Voluntary Departure

The Immigration Judge initially granted the respondent voluntary departure under safeguards prior to the completion of the proceedings pursuant to section 240B(a)(1) of the Act, 8 U.S.C. § 1229c(a)(1) (2006). However, when the respondent indicated a desire to appeal, the Immigration Judge withdrew the grant of voluntary departure without addressing his eligibility for voluntary departure under section 240B(b)(1) of the Act at the conclusion of the hearing.

Pursuant to 8 C.F.R. § 1240.11(a)(2), an Immigration Judge must advise a respondent of the forms of relief for which he or she is apparently eligible, including voluntary departure. *See Matter of Cordova*, 22 I&N Dec. 966, 970 n.4 (BIA 1999); 8 C.F.R. § 1240.11(b). In this case, the respondent was not eligible for voluntary departure under section 240B(a)(1) once he indicated that he wished to preserve his right to appeal. *See* 8 C.F.R. § 1240.26(b)(1)(i)(D) (2012); *see also Matter of Ocampo*, 22 I&N Dec. 1301 (BIA 2000) (holding that a respondent must expressly waive the right to appeal to qualify for voluntary departure prior to the completion of removal proceedings).

A respondent who is ineligible for voluntary departure under section 240B(a)(1) of the Act may nevertheless apply for voluntary departure at the conclusion of the hearing if he meets the eligibility requirements of section 240B(b)(1). Eligibility for section 240B(b)(1) voluntary departure requires (1) physical presence in the United States for a period of at least 1 year immediately preceding service of the notice to appear; (2) good moral character for 5 years immediately preceding application; (3) a finding that the respondent is not deportable on the basis of a conviction for an aggravated felony or on grounds relating to espionage, sabotage, terrorism, and national security; and (4) a showing that the respondent has the means to depart the United States and intends to do so. *See* section 240B(b)(1) of the Act; 8 C.F.R. § 1240.26(c)(1); *see also Matter of Arguelles*, 22 I&N Dec. 811, 816 (BIA 1999).

Once the respondent indicated that he would not waive appeal and was therefore no longer eligible for voluntary departure under section 240B(a)(1) of the Act, his eligibility for voluntary departure under section 240B(b)(1) should have been considered at the conclusion of the hearing. Under the circumstances in this case, we conclude that the Immigration Judge should have addressed the respondent's potential eligibility for that relief from removal.[2]

## III. CONCLUSION

We conclude that the Immigration Judge should have afforded the respondent a continuance to obtain legal representation and given him an opportunity to apply for relief from removal. Accordingly, the respondent's appeal will be sustained, and the record will be remanded for further proceedings. On remand, the Immigration Judge should give the respondent sufficient time to obtain legal representation, advise him of his apparent eligibility for relief from removal, and allow him to apply for any form of relief for which he is eligible.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[2] In his brief on appeal the respondent indicates that he is currently seeking a U nonimmigrant visa. The effect of an application for a U visa on removal proceedings may be determined on remand under the framework set out in *Matter of Sanchez Sosa*, 25 I&N Dec. 807 (BIA 2012).