FILED

APR 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO GONZALEZ CRIOLLO, | No. 10-72214 |
| Petitioner, | |
| | Agency No. A026-614-398 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016[**]
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Julio Gonzalez Criollo ("Criollo") petitions for review of an order of the

Board of Immigration Appeals ("BIA") denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT") and

special rule cancellation of removal under the Nicaraguan Adjustment and Central

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

American Relief Act ("NACARA").  Criollo also petitions for review of the BIA's

denial of his motion for remand to the Immigration Judge ("IJ") to allow him to

pursue cancellation of removal under 8 U.S.C. § 1229b(b)(1) ("non-LPR

cancellation of removal"). Finally, Criollo argues that the IJ and BIA erred in

failing to consider his eligibility for voluntary departure. We have jurisdiction

under 8 U.S.C. § 1252. We grant the petition in part, deny in part, and remand.

Criollo's claims for asylum, withholding of removal, special rule

cancellation under NACARA, and non-LPR cancellation of removal are subject to

the persecutor bar.  8 U.S.C. § 1158(b)(2)(A)(i) (asylum); *id.* § 1231(b)(3)(B)(i)

(withholding of removal); 8 C.F.R. § 1240.66(a) (NACARA special rule

cancellation); 8 U.S.C. § 1229b(c)(5) (non-LPR cancellation).  Criollo testified in a

hearing before an IJ that as a member of the Salvadoran National Guard, he

investigated, arrested, and interrogated people because of their ties to leftist groups.

He turned these individuals over to his superiors knowing that they would likely be

tortured.  Some of the people he arrested were subsequently "beaten like animals."

This evidence indicates that Criollo was both "personally involved" in and

"purposefully assisted" persecution on account of political opinion, shifting the

burden to him to prove that he was not a persecutor.  *See* 8 C.F.R. § 1240.8(d);

*Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006).  Criollo failed

to carry that burden.  Therefore, substantial evidence supports the BIA's

conclusion that Criollo assisted in persecution and was ineligible for asylum, withholding of removal, and NACARA special rule cancellation of removal.

Additionally, even if the IJ erred in failing to inform Criollo of his "apparent eligibility" for non-LPR cancellation of removal during initial proceedings, *see* 8 C.F.R. § 1240.11(a)(2), he cannot show that he was prejudiced, because he is ineligible for that relief, too, on account of the persecutor bar. Consequently, the BIA did not abuse its discretion in denying his motion to remand to pursue non-LPR cancellation.

Substantial evidence supports the BIA's determination that Criollo has not established entitlement to relief under the Convention Against Torture. The BIA upheld the IJ's finding that Criollo did not present credible evidence substantiating his CAT claim. Even assuming his testimony was credible, Criollo has not shown that it is more likely than not he will be tortured in El Salvador. 8 C.F.R. § 1208.16(c)(2). The fact that he was once questioned by the police after he reported being captured by guerillas does not suffice to show that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official" in El Salvador. *Id.* § 1208.18(a)(1).

Finally, Criollo argues that the IJ erred in failing to inform him of voluntary departure or consider his eligibility for voluntary departure. Under the regulations, an IJ "must advise a respondent of the forms of relief for which he or she is

apparently eligible, including voluntary departure." *Matter of C-B-*, 25 I&N Dec. 888, 891 (BIA 2012) (citing 8 C.F.R. § 1240.11(a)(2)).  The IJ did not discuss voluntary departure at Criollo's merits hearing nor in her written decision ordering him removed.  Criollo noted his apparent eligibility for voluntary departure in briefing before the BIA, but the BIA did not address it.  *See* 8 U.S.C. § 1229c(b). We therefore remand for the BIA to consider whether Criollo is eligible for voluntary departure.  *See Moran-Enriquez v. I.N.S.*, 884 F.2d 420, 422 (9th Cir. 1989) ("[I]f an IJ fails to advise an alien of an avenue of relief potentially available to him, we will remand for consideration of the alien's eligibility for that relief.").

Each party shall bear its own costs on appeal.

**GRANTED in part, DENIED in part, and REMANDED**.