[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13369
Non-Argument Calendar

_____

Agency No. A209-280-218

SANTA ADELAYDA COTO CASTILLO,
TANIALIZETH VELASQUEZ COTO,
a.k.a Tania Lizeth Velasquez Coto,
MARBELY JOSELY VELASQUEZ COTO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 21-10905
Non-Argument Calendar

_____

Agency No.  A209-280-218

SANTA ADELAYDA COTO CASTILLO,
TANIALIZETH VELASQUES COTO,

MARBELY JOSELY VELASQUES COTO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(August 17, 2021)

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

In this consolidated appeal, Santa Adelayda Coto Castillo[1] ("Coto") seeks review of the Board of Immigration Appeals' ("BIA") final order summarily affirming the Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment of Punishment ("CAT"). She also seeks review of the BIA's final order denying her motion to reopen removal proceedings. First, Coto argues that the IJ failed to conform to the BIA's decision in *Matter of M-A-M-*, 25 I & N Dec. 474 (BIA 2011), by not

_____

[1] Coto's petition for review is filed on behalf of herself and Tania Lizeth Velasquez Coto and Marbely Goseli Velasquez Coto, her minor daughters and derivative asylum applicants.

2

making a determination as to her competency. Next, she argues that the IJ failed to conform to the BIA's decision in *Matter of C-B-*, 25 I & N Dec. 888 (BIA 2012), by refusing to grant her a continuance to obtain new counsel. Finally, she argues that the BIA erred in affirming the IJ's determination that she failed to satisfy her burden of proof for asylum and withholding of removal. We address each claim in turn.

## I.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will determine only whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). We also review for an abuse of discretion the BIA's denial of a motion for reconsideration. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

3

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B); *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006). Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). Evidence is "new" if it was unavailable or could not have been presented before the IJ. *Verano-Velasco*, 456 F.3d at 1377.

Generally, the agency presumes that noncitizens are competent to participate in removal proceedings. *Matter of M-A-M-*, 25 I & N Dec. at 477. However, when indicia of incompetency are present, the IJ must make a competency determination. *Id.* at 480–81. Indicia of incompetence may derive from evidence submitted during the proceedings or from the IJ's observations. *Id.* at 479–80. A noncitizen is competent for the purposes of immigration proceedings if "she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479. However, unlike criminal proceedings, removal proceedings can continue despite a respondent's lack of competency, so long as safeguards are in place to ensure that

4

the respondent's rights and privileges under the INA are protected. *Id.* at 479; *see* INA § 240(b)(3), (4), 8 U.S.C. § 1229a(b)(3), (4).

Our review of final orders of removal is limited by statute to claims that have been exhausted below. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249–50 (11th Cir. 2006).

Here, because Coto failed to raise the issue of her competence before the BIA in her initial *pro se* appeal, that claim is unexhausted as to the IJ's denial of asylum, withholding of removal, and CAT relief, and we lack jurisdiction to consider it on petition for review from the BIA's affirmance of the IJ's decision. Moreover, the BIA did not abuse its discretion when it denied her motion to reopen because she provided no new evidence demonstrating indicia of incompetence.

## II.

We review the IJ's denial of a motion for continuance for an abuse of discretion. *Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1377 (11th Cir. 2006). A noncitizen seeking a continuance must establish good cause for the continuance. *See* 8 C.F.R. § 1003.29.

Respondents in immigration proceedings have the statutory and regulatory "privilege of being represented" by counsel of their choice at no expense to the

Government.  *See* INA § 292, 8 U.S.C. § 1362.  Under BIA precedent, unless a noncitizen has expressly waived the statutory and regulatory privilege of counsel, "the [IJ] must grant a reasonable and realistic period of time to provide a fair opportunity for a respondent to seek, speak with, and retain counsel."  *Matter of C-B-*, 25 I. & N. Dec. at 889.  However, we have held that waiver of counsel need not always be express but may be inferred from the language and acts of the respondent.  *Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir. 1986) (holding that noncitizen demonstrated his waiver of the right to counsel by proceeding with the hearing unrepresented).

Here, because Coto failed to challenge the IJ's denial of a continuance in her initial *pro se* appeal, that claim is unexhausted for purposes of her petition challenging the BIA's order affirming the IJ's decision, and we lack jurisdiction to consider it as to that petition.  As to her petition challenging the BIA's denial of her motion to reopen, the BIA did not abuse its discretion in denying her motion because Coto did not present to the BIA any evidence that was previously unavailable or could not have been presented before the IJ showing any efforts that she had undertaken to obtain counsel after her former counsel withdrew or any evidence demonstrating the reasons for her inability to obtain counsel such that her removal proceeding warranted reopening.

III.

6

We review *de novo* our own subject-matter jurisdiction. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). We lack jurisdiction to consider claims that have not been raised before the BIA. *Id.* To satisfy the exhaustion requirement, the petitioner must have raised before the BIA the "core issue" now on petition for review. *Id.* (quotation marks omitted). In doing so, the petitioner must have also raised "any discrete arguments" relied upon in support. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). "[P]assing reference[s]" or "[u]nadorned, conclusory statements" are not sufficient to exhaust a claim. *Id.* Exhaustion requires that a petitioner provide sufficient information to allow the BIA an opportunity to address any issues before they are raised on appeal but does not require "precise legal terminology" or "well-developed arguments." *Id.* While we liberally construe the pleadings of *pro se* litigants, we still require conformity with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, we lack jurisdiction to review Coto's argument that the IJ erred in determining that she failed to satisfy her burden of proof for asylum and withholding of removal because this issue was not sufficiently raised before the BIA and is therefore unexhausted. Even liberally construing Coto's notice of appeal to the BIA, she merely argued that she had provided sufficient proof to establish eligibility for asylum and disagreed with the weight the IJ afforded to her evidence. *See Albra*, 490 F.3d at 829. Although she generally disagreed with the

IJ's denial of her applications, she advanced no "discrete arguments" before the BIA disputing the IJ's analysis as to her possible particular social group membership, the Honduran government's ability to protect her, or her ability to safely relocate within Honduras. *Jeune*, 810 F.3d at 800. Her notice of appeal to the BIA merely included an unadorned conclusory statement that "the proof provided [wa]s sufficient," which was insufficient to exhaust a claim. *Id.* at 800. And, while she indicated that she intended to file a separate written brief after filing the notice of appeal, she did not file a brief in support of her appeal, let alone one that sufficiently exhausted her claims. Therefore, because Coto failed to exhaust the "core issue" now on petition for review, this Court lacks jurisdiction to review any argument concerning that issue now. *Indrawati*, 779 F.3d at 1297; *Jeune*, 810 F.3d at 800.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

8