20-587
*Correia v. Garland*

BIA
Straus, IJ
A059 140 536

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

GILSON BRUNO DIAS CORREIA,
> *Petitioner,*

> v.                                                                No. 20-587

MERRICK B. GARLAND, United States
Attorney General,
> *Respondent.*

_____

**FOR PETITIONER:**          Randy Olen, Olen Law Offices, Providence, RI.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Assistant Attorney General; Anna E. Juarez, Senior Litigation Counsel; Lindsay Marshall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Gilson Bruno Dias Correia, a native and citizen of the Republic of Cabo Verde, petitions for review of the BIA's January 17, 2020 decision affirming the Immigration Judge's ("IJ's") September 26, 2019 decision ordering his removal. *In re Correia*, No. A059 140 536 (B.I.A. Jan. 17, 2020), *aff'g* No. A059 140 536 (Immigr. Ct. Hartford Sept. 26, 2019).   Correia does not challenge his removability or the denial of relief from removal, but he argues that the IJ violated Agency regulations by (1) not obtaining a knowing and voluntary waiver of his right to be represented by counsel or allowing him adequate time to obtain counsel, and (2) not informing him that he was apparently eligible to apply for adjustment of status as relief from removal.

2

Our jurisdiction is "limited" to considering these specific claims, *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020), only insofar as they constitute "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Beyond that, however, we lack jurisdiction to review the Agency's orders, since they found Correia "removable by reason of having committed a [specified] criminal offense," *id.* § 1252(a)(2)(C) – that is, an "aggravated felon[y]," *Gelman v. Ashcroft*, 372 F.3d 495, 498 (2d Cir. 2004). Our review is further limited by the "mandatory" requirement that an alien "exhaust[] all administrative remedies available . . . as of right" before petitioning for our review; thus, we generally have power to review only those claims upon which "a decision has been rendered . . . by an IJ and appealed to the BIA." *Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 118 (2d Cir. 2007) (quoting 8 U.S.C. § 1252(d)(1)).

We review de novo the question of whether the Agency violated an alien's due process right to counsel in removal proceedings. *Picca v. Mukasey*, 512 F.3d 75, 78 (2d Cir. 2008). We likewise review de novo the legal question of whether the Agency "*appli[ed]*" its own regulations and legal standards correctly, while "accord[ing] . . . deference" to the Agency's underlying "interpretations of law . . . within [the scope of] the BIA's expertise." *Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d

3

Cir. 2003) (emphasis in original), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts and procedural history.

The government contends that neither of the arguments in Correia's Petition is properly before the Court because he did not squarely present them to the BIA on his appeal from the IJ's decision. As to Correia's argument that the IJ erred by failing to inform him that he was "apparently eligible" to seek adjustment of status through his U.S. citizen stepfather, *see* 8 C.F.R. § 1240.11(a)(2), we agree. Correia did not exhaust this issue before the BIA, so we may not consider it. *See Zhong*, 480 F.3d at 118–20. As to Correia's right-to-counsel claim, however, we disagree. To the extent that Correia failed to *present* that claim before the BIA, the BIA nonetheless raised it sua sponte and squarely ruled on it in the decision under review. Under our precedents, we deem any claim that the "BIA explicitly addressed . . . in its decision" to be "exhausted" per se, such that "we may review it" even if it was not raised "in [the alien's] brief to the BIA." *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008). We therefore proceed to the merits of Correia's right-to-counsel claim. Nevertheless, that claim fails on the merits.

4

An alien in removal proceedings before an IJ "shall have the privilege of being represented (at no expense to the [g]overnment) by such counsel . . . as he shall choose." 8 U.S.C. § 1362; *see* 8 C.F.R. § 1003.16. "Because a deportation proceeding is civil, not criminal, in nature," however, there is "[n]o Sixth Amendment right to government-provided counsel in a deportation proceeding." *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Rather, an alien's right is only to *choose* to hire counsel "at his own expense" and may be waived. *Id.*

Here, the IJ explicitly presented Correia with the choice of whether he wanted "a little more time to find if [he could] get an attorney or [if he] want[ed] to start [his] hearing now." Certified Admin. Record at 62. In response, Correia elected explicitly – albeit unenthusiastically – to start his hearing without counsel. *See id.* (Correia responding, "just start now I guess"). This response constituted a valid waiver of his right to counsel. *See Matter of C-B-*, 25 I. & N. Dec. 888, 890 n.1 (B.I.A. 2012) ("[F]or a waiver to be valid, an Immigration Judge must generally (1) inquire specifically as to whether a respondent wishes to continue without a lawyer and (2) receive a knowing and voluntary affirmative response."); *see also* 8 C.F.R. § 246.5(b) (requiring the IJ, at the start of removal proceedings, to advise the alien of his right to counsel and to elicit a clear response from the alien

5

regarding "whether he or she desires representation"). The record reflects that Correia was aware of the right, that he was given a fair opportunity to find counsel, and that – after he and his parents determined they could not afford to hire counsel and were unable to find pro bono counsel – he freely chose to proceed without counsel instead of delaying the proceedings.

Moreover, even if we agreed that Correia's reluctant choice to "start now I guess," Certified Admin. Record at 62, was too equivocal to constitute an express waiver of the right to counsel, there was no indication that he was not given "a reasonable and realistic period of time" to obtain counsel. *Matter of C-B-*, 25 I. & N. Dec. at 889. Unlike the alien in *Matter of C-B-*, however, Correia never requested a continuance – and again, when the IJ directly asked if he wanted more time to find counsel before proceeding, he did not take up the offer. *Id.* He was served with the notice to appear and list of pro bono legal service providers in August 2018, so he had more than four months to obtain counsel before his first hearing in January 2019, and he had over a year to obtain counsel before his September 2019 merits hearing. Although Correia was incarcerated, limiting his ability to contact counsel, the IJ confirmed that he and his parents had spoken with

several attorneys, including potential pro bono attorneys. At bottom, then, we conclude that Correia was not deprived of the right to counsel.

For the reasons stated above, we **DENY** the petition for review. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7